# Exhibit A to First Amended Complaint

## ENFORCEMENT NOTICE:
## ATTORNEY GENERAL'S HANDGUN SAFETY REGULATIONS

The Attorney General's consumer protection regulations governing handguns are now in effect. The regulations apply generally to "transfers" (sales, leases, and rentals) of handguns by "handgun-purveyors" (dealers, wholesalers, and manufacturers) to customers located in Massachusetts. Certain exceptions apply. Existing federal, state, and municipal laws, including those relating to handgun licensing, remain in effect.

**The handgun regulations have been codified in the Code of Massachusetts Regulations, at 940 CMR 16.00.** *The regulations should be consulted for more comprehensive and specific information. This enforcement notice is for general informational purposes only. Only the regulations themselves have the force of law.*

### Background

The Attorney General promulgated the handgun regulations in October 1997 under the Massachusetts Consumer Protection Act, General Laws Chapter 93A, after public notice and hearings. The Massachusetts Supreme Judicial Court affirmed the authority of the Attorney General to issue the regulations, and these specific regulations were upheld after litigation.

The Attorney General will enforce the regulations pursuant to the Consumer Protection Act, through civil actions for injunctive relief, restitution, civil penalties (up to $5000 per violation), costs, and attorney's fees.

### Requirements

Following is a brief summary of the consumer protection regulations, with some general guidelines as to their application.

Before a handgun-purveyor can transfer new (and certain used) handguns in Massachusetts, the consumer protection regulations must be satisfied. The terms "handgun-purveyor" and "transfer" are among the terms defined in the regulations at Section 16.01.

The definition of "handgun-purveyor" includes any person or entity that transfers handguns to a customer located within the Commonwealth of Massachusetts, but excludes: those who transfer less than five handguns per year; transfers for law-enforcement and the military; transfers for museums and educational collectors; transfers for the surrender of handguns to law-enforcement or military personnel; transfers of antique firearms, as defined by federal law; and transfers of handguns specifically designed and sold for formal target shooting competition.

All transfers of handguns, including current inventory, are now subject to these regulations. Under the regulations, "transfer" means sell, rent, or lease. However, it does not include sales to a business entity that is primarily a firearm wholesaler, if the sale by its terms prohibits the purchaser from reselling the handgun to a handgun retailer or consumer in Massachusetts.

### a. Safety Warning/Disclosure Requirements (Section 16.06)

Handgun-purveyors must:

* provide a specific written **safety warning** to customers;

* explain to retail customers how to safely load, unload, and store the handgun; show how to operate all safety devices; and note the absence, if any, of a load indicator, a magazine safety disconnect, or an internal safety; and

* for handguns with barrels shorter than three inches, disclose to all customers, in writing with specific test data, the accuracy limitations of the weapon.

b. Safety and Performance Standards (Sections 16.03, 16.04, 16.05)

All new (and certain used) handguns that are transferred must meet minimum safety and performance standards.

If you are a handgun-purveyor, listed below are the requirements that must be met in order for your sales of handguns to comply with the Attorney General's regulations. If you are unsure whether the make and model of handguns you are selling or otherwise transferring meet these additional requirements, you should be able to obtain that information from the manufacturer.

* **Does the handgun have a tamper resistant serial number (Section 16.03)?** If the handgun has a "hidden" serial number, or the serial number is stamped into the handgun in such a way as to make it resistant to tampering, it should comply. If you do not know whether the handgun has a tamper resistant serial number, contact the manufacturer.

* **Does the handgun meet the Make and Model Performance Requirements under the regulations (Section 16.04)?** If the working parts of the handgun, specifically the frame, barrel, cylinder, slide, and breechblock, are made entirely of steel, it should comply. If you are not sure, ask the manufacturer. If these parts of the handgun are not made entirely of steel, ask the manufacturer whether the make and model of the handgun has passed the 600-round performance test specified in the regulations.

* **Is the handgun prone to repeated firing based on a single pull of the trigger, prone to explosion during firing, or prone to accidental discharge as defined in the Attorney General's regulations (Section 16.04(2))?** If you are not sure, ask the manufacturer whether the make and model passes the drop test specified in the Attorney General's regulations.

* **Is the handgun being sold with a lock approved by the Colonel of the State Police, as required by G.L. 140, Section 131K (Section 16.05(1))?** Regardless of whether the handgun was sold or transferred to you with a lock, you must ensure that it has an approved lock when you sell it. You can comply with this regulation by including an approved lock with the handgun when you sell it.

* **Does the handgun have built-in childproofing protection (Section 16.05(2))?** If you are unsure whether the handgun meets the Attorney General's childproofing requirements, you can ask the manufacturer. A handgun will meet these childproofing requirements if it contains a mechanism that effectively precludes an average five year-old child from operating the handgun when it is ready to fire, including but not limited to: a trigger resistance of at least a ten-pound pull; a firing mechanism that makes it so that an average five year-old child's hands are too small to operate the handgun; a design where the handgun requires a series of multiple motions in order to fire the handgun; and/or a hammer deactivation device.

* **If the handgun is a semiautomatic pistol, does it have either a load indicator or a magazine safety disconnect (Section 16.05(3))?** Again, if you are unsure, ask the manufacturer.

c. Unfair or Deceptive Practices Generally (Section 16.02)

The regulations make it an unfair or deceptive practice, for purposes of the Consumer Protection Law, for any handgun-purveyor to fail to comply with the regulations or with any other local, state, or federal law whose implementation serves to protect consumers from unfair and deceptive practices by means including the regulation of sales. These laws include, for example, those that: forbid the sale of handguns to juveniles, addicts, or mentally-incompetent persons; forbid the sale of silencers, armor-penetrating bullets, and machine-gun pistols; forbid the obliteration of serial numbers prior to sale, or selling handguns whose serial numbers have been defaced; require sellers to keep records of handgun sales; forbid sellers from delivering or transporting loaded handguns; and forbid the delivery of handguns to the custody of a minor.

It also is an unfair or deceptive practice for a handgun-purveyor to make material misrepresentations or make false certifications regarding any handgun offered for transfer.



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108-1698

TOM REILLY
ATTORNEY GENERAL

May 2000

(617) 727-2200

### ENFORCEMENT NOTICE #2
### ATTORNEY GENERAL'S HANDGUN SAFETY REGULATIONS

The Office of the Attorney General is now enforcing its consumer protection regulations governing handguns. In the interest of promoting and ensuring compliance with these regulations, the Attorney General is issuing this Enforcement Notice to highlight various aspects of the regulations and the manner in which this office will enforce them. This Enforcement Notice is issued by the Attorney General in the exercise of his discretion, and in accord with the applicable statutory, regulatory, and judicial authorities.

The regulations apply generally to all "transfers" (sales, leases, and rentals) of handguns by "handgun-purveyors" (dealers, wholesalers, and manufacturers) to customers located in Massachusetts. Certain exceptions apply. Existing federal, state, and municipal laws, including those relating to handgun licensing, remain in effect.

*The handgun regulations are codified in the Code of Massachusetts Regulations, at 940 CMR 16.00. Please consult the regulations, and the Enforcement Notice previously issued by this office, for more comprehensive and specific information. This Enforcement Notice is for general informational purposes only. Only the regulations themselves have the force of law. Questions regarding the application of these regulations to your specific circumstances should be directed to your attorney, if necessary.*

1.    **ENFORCEMENT DATE**

The Attorney General will enforce the regulations with respect to any transfers of handguns that handgun-purveyors made to customers in Massachusetts **on or after April 3, 2000**. A "transfer" takes place upon the physical delivery of the handgun to the customer.

2.    **TRANSFERS OF NEW AND USED HANDGUNS -- MANUFACTURE DATE**

The Attorney General will enforce the regulations as follows:

**Guns manufactured on or before October 21, 1998**
If a handgun-purveyor transfers a new or used handgun that was manufactured on or before October 21, 1998, the handgun must meet applicable requirements of sections 16.05(1) and 16.06 of the regulations. That means it must have an approved lock, and the dealer must provide the appropriate written and verbal warnings and disclosures upon transfer of the handgun. The other requirements of the regulations will not apply.

**Guns manufactured after October 21, 1998**
If a handgun-purveyor transfers a new or used handgun that was manufactured after October 21, 1998, the handgun must meet all requirements of the regulations applicable to that make and model of handgun.

3.   **HANDGUNS PRONE TO ACCIDENTAL DISCHARGE**

Section 16.04(2) of the regulations prohibits the transfer of any make and model of handgun that is "prone to accidental discharge." Under section 16.01 of the regulations, a handgun is "prone to accidental discharge" when it is unable to pass the following test: "five handguns in new condition of the make and model in question shall be subjected to, and none shall discharge during, the Handgun Drop Test." (The Handgun Drop Test is explained in detail in section 16.01.)

In accordance with Part 2 of this Enforcement Notice, the Attorney General will enforce section 16.04(2) with respect to the transfer of any handgun, whether new or used, that was manufactured after October 21, 1998.

The test described above should not be performed on the particular handgun to be transferred. Rather, a new or used handgun manufactured after October 21, 1998, will not be deemed "prone to accidental discharge" if the handgun-purveyor can certify that the *make and model* of that handgun passes the test described above. Handgun-purveyors should obtain such information from the manufacturer.

4.   **RETURNS OF HANDGUNS TO CURRENT OWNERS**

The definition of "transfer" in 940 CMR § 16.01 will not be considered to include a handgun-purveyor's return of a handgun to its owner where that handgun initially was delivered by the owner to the handgun-purveyor for the purpose of a consignment sale or a pawnbroker loan, or for the purpose of service or repair.

5.   **HANDGUNS ORDERED OR PURCHASED BEFORE APRIL 3, 2000, BUT NOT YET PHYSICALLY DELIVERED TO CUSTOMER**

The physical delivery of a handgun to a customer in the Commonwealth on or after April 3, 2000, constitutes a "transfer" under the regulations, even if that customer ordered or paid for the handgun before April 3, 2000.

6.   **MAKE AND MODEL**

"Make and model" is defined in 940 CMR § 16.01 as "any group of handguns, all of which are made by a manufacturer by the same method and according to the same design pattern and specifications." The Attorney General will recognize handguns to be the same make and model when they are identical in all respects except for differences in any one or more of the following features:

   *   Finish, including, but not limited to, bluing, chrome-plating, oiling, or engraving.

   *   The material from which the grips are made.

   *   The shape or texture of the grips, so long as the difference in grip shape or texture does not in any way alter the dimensions, material, linkage, or functioning of the magazine well, the barrel, the chamber, or any of the components of the firing mechanism of the firearm.

   *   Any other purely cosmetic feature that does not in any way alter the dimensions, material, linkage, or functioning of the magazine well, the barrel, the chamber, or any of the components of the firing mechanism of the firearm.



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

TOM REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

**February 2002**

### ENFORCEMENT NOTICE #3
### ATTORNEY GENERAL'S HANDGUN SALES REGULATIONS (940 CMR 16.00)

*The Attorney General is issuing this Enforcement Notice in order to further clarify how the handgun sales regulations (940 CMR 16.00) will be enforced. This Enforcement Notice is issued in the exercise of the Attorney General's enforcement discretion, and may be changed or rescinded in the future at the discretion of the Attorney General.*

*This Enforcement Notice specifically addresses how the new Approved Firearms Roster issued by the Secretary of the Executive Office of Public Safety will affect the enforcement of the Attorney General's handgun sales regulations.*

### THE APPROVED FIREARMS ROSTER (G.L. c. 140, § 131-3/4; 501 CMR 7.00)

The Secretary of the Executive Office of Public Safety has compiled an Approved Firearms Roster pursuant to G.L. c. 140, § 131-3/4 and 501 CMR 7.00. The Secretary has determined that the firearm (handgun) models listed on this roster meet the requirements of G.L. c. 140, § 123, cl. 18-21 ("the Chapter 140 handgun product requirements").

Pursuant to 501 CMR 7.05, licensed dealers are prohibited from selling a firearm that is not listed on the Approved Firearms Roster, subject to certain specified exceptions. *For more information regarding the Approved Firearms Roster, please contact the Executive Office of Public Safety at (617) 727-7775 (www.state.ma.us/eops).*

A.   **THE EFFECT OF THE APPROVED FIREARMS ROSTER ON THE ENFORCEMENT OF THE PRODUCT REQUIREMENTS SHARED BY CHAPTER 140 AND THE ATTORNEY GENERAL'S HANDGUN SALES REGULATIONS**

Certain of the Chapter 140 handgun product requirements were modeled upon, and are substantially similar to, certain of the requirements of the Attorney General's handgun sales regulations (940 CMR 16.00). Specifically, the Chapter 140 handgun product requirements and the Attorney General's handgun sales regulations share requirements relating to:

- the composition of the handgun, and whether it malfunctions, breaks, or cracks
    940 CMR 16.04(1), (3)
    G.L. c. 140, § 123, cl. 18th

- whether the handgun is prone to accidental discharge (drop test)
    940 CMR 16.04(2)
    G.L. c. 140, § 123, cl. 19th

- whether the handgun is prone to multiple fires or explosion
    940 CMR 16.04(2)
    G.L. c. 140, § 123, cl. 20th

- the accuracy of short-barreled handguns
    940 CMR 16.06(3)
    G.L. c. 140, § 123, cl. 21st

**In the exercise of his enforcement discretion, the Attorney General will not take enforcement actions with respect to the product requirements of the Attorney General's handgun sales regulations that correspond to the product requirements of Chapter 140 (listed above) -- if the handgun model is listed on the Approved Firearms Roster.**

**B.    THE EFFECT OF THE APPROVED FIREARMS ROSTER ON THE ENFORCEMENT OF THE ADDITIONAL PRODUCT REQUIREMENTS OF THE ATTORNEY GENERAL'S HANDGUN SALES REGULATIONS**

The Attorney General's handgun sales regulations include three product requirements that are not shared by the Chapter 140 handgun product requirements, and that are not tested for the Approved Firearms Roster:

- child-safety features
    940 CMR 16.05(2), (4)

- load indicators and magazine safety disconnects for semi-automatic handguns
    940 CMR 16.05(3), (4)

- tamper-resistant serial numbers
    940 CMR 16.03

A handgun that is listed on the Approved Firearms Roster might not satisfy these three additional product requirements.  **If a handgun does not satisfy these three additional requirements, then it is a violation of the regulations for a handgun purveyor to transfer that handgun even if the handgun is listed on the Approved Firearms Roster.**

**C.   THE EFFECT OF THE APPROVED FIREARMS ROSTER ON THE
ENFORCEMENT OF THE ATTORNEY GENERAL'S REGULATIONS
RELATING TO HOW HANDGUNS ARE TRANSFERRED**

The Attorney General's handgun sales regulations govern how a handgun is transferred in
the Commonwealth (the manner of transfer), in addition to which handguns are transferred.  The
regulations dealing with the manner of transfer relate specifically to:

-   unfair or deceptive practices generally
    940 CMR 16.02

-   transfer with an approved safety device
    940 CMR 16.05(1)

-   transfer with safety warning
    940 CMR 16.06(1)

-   transfer with a safety demonstration (retail only)
    940 CMR 16.06(2)

-   transfer with accuracy information (short-barrel only)
    940 CMR 16.06(3)

**These requirements of the Attorney General's handgun sales regulations concerning
the manner of transfer continue to apply to the transfer of handguns regardless of whether
the handgun itself satisfies the product requirements of Chapter 140 and the Attorney
General's regulations.**

ENFORCEMENT NOTICE #3.wpd

July 16, 2004 Consumer Advisory on Glock Handguns

## CONSUMER ADVISORY

**ATTORNEY GENERAL'S ADVISORY ON GLOCK HANDGUNS**

**BOSTON -**  Attorney General Tom Reilly has learned that gun dealers recently began selling Glock handguns to Massachusetts consumers, after the company represented that the handguns were in compliance with the Attorney General's Handgun Sales Regulations.

AG Reilly's Office has notified Glock, Inc. that the "extractor indicator" device which the company recently added to its handguns is not an effective load indicator and, therefore, does not comply with the handgun regulations. The AG's Office reached this determination after consulting with firearms experts.  In response, Glock has recalled all handguns shipped to dealers and distributors in the Commonwealth and ceased in-state sales.

AG Reilly offers the following information to consumers about Glock handguns:

• Glock handguns may not be sold to consumers in Massachusetts.

Handguns currently manufactured by Glock lack a load indicator or magazine safety disconnect, in violation of the handgun regulations.  Therefore, handgun dealers may not sell newly manufactured Glock handguns to Massachusetts consumers.

Glock has instructed Massachusetts distributors and dealers to return all handguns. AG Reilly encourages all distributors and dealers to cooperate with Glock in this endeavor.

As always, the handgun regulations do not pertain to firearms used by law enforcement or military personnel as part of their official duties.

• Massachusetts consumers are encouraged to return recently purchased Glock handguns.

Glock has asked Massachusetts consumers who recently purchased handguns to return them for a full refund.  Because the handguns lack an important device designed to promote the safety of gun owners and their families, AG Reilly encourages consumers to return these handguns.

• AG's Handgun Sales Regulations

The Attorney General's Handgun Sales Regulations fall under the state's consumer protection law and protect consumers and their families from unsafe handguns. The regulations require all handguns sold in Massachusetts to include certain safety and child-proofing measures and safety warnings.

The regulations require that all semi-automatic handguns contain either a magazine disconnect or a load indicator. The Glock handguns contain neither of these features.

The Attorney General's handgun regulations are intended to protect responsible gun owners and their families from firearms that are unsafe by design or manufacture. AG Reilly recognizes that there are many people in the Commonwealth who legitimately own firearms for hunting and sporting, and that those individuals use them in a responsible manner.

The Attorney General's Handgun Sales Regulations can be viewed at AG Reilly's website, http://www.ago.state.ma.us/sp.cfm?pageid=1579.