UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

STEFANO GRANATA; JUDSON THOMAS;
COLBY CANNIZZARO; CAMERON PROSPERI;
THE GUN RUNNER, LLC; and FIREARMS
POLICY COALITION, INC.,

        Plaintiffs,

   v.

ANDREA JOY CAMPBELL, in her official
capacity as Attorney General of the Commonwealth
of Massachusetts; and TERRENCE M. REIDY, in
his official capacity as Secretary of the Executive
Office of Public Safety and Security of the
Commonwealth of Massachusetts,

        Defendants.

CIVIL ACTION
NO. 1:21-cv-10960-RWZ

---

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Andrea Joy Campbell, in her official capacity as Attorney General of the
Commonwealth of Massachusetts and Terrence M. Reidy, in his official capacity as Secretary of
the Executive Office of Public Safety and Security of the Commonwealth of Massachusetts, hereby
answer the Plaintiffs' First Amended Complaint as follows.

1.  The first sentence of Paragraph 1 purports to quote and characterize the Second
Amendment to the United States Constitution, to which no response is required. The second
sentence of Paragraph 1 purports to state a legal conclusion concerning the Fourteenth
Amendment, to which no response is required.

2.  The allegations of Paragraph 2 purport to quote and characterize *New York State
Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which speaks for itself and no
response is required.

3.      The allegations of Paragraph 3 purport to quote and characterize *Bruen*, and *Staples v. United States*, 511 U.S. 600 (1994), which speak for themselves and no response is required.[1] Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

4.      The allegations of Paragraph 4 purport to state legal conclusions, to which no response is required; but, Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second Amendment or the Fourteenth Amendment to the United States Constitution. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban." To the extent the allegations of Paragraph 4 purport to assert facts, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5.      The allegations of Paragraph 5 purport to quote and characterize *Bruen*, which speaks for itself and no response is required.

6.      The allegations of Paragraph 6 purport to state legal conclusions, to which no response is required. To the extent the allegations of the first sentence of Paragraph 6 purport to assert facts, Defendants deny those allegations. To the extent the allegations of the second sentence of Paragraph 6 purport to characterize and quote an out-of-circuit decision, *Renna v. Bonta*, No. 20-CV-2190-DMS-DEB, 2023 WL 2846937 (S.D. Cal. Apr. 3, 2023), that decision speaks for itself and no response is required.

---

[1] The allegations in footnote 3 purport to describe the legal claims asserted in the First Amended Complaint, to which no response is required. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

7.     The allegations of Paragraph 7 purport to quote and characterize *District of Columba v. Heller*, 554 U.S. 570 (2008), which speaks for itself and no response is required; to the extent the allegations of Paragraph 7 purport to state legal conclusions, no response is required. To the extent the allegations of the second sentence of Paragraph 7 purport to assert facts, Defendants lack knowledge or information sufficient to form a belief as to the truth of those facts. To the extent the allegations of the third and fourth sentences of Paragraph 7 purport to assert facts, those facts are denied.

8.     The allegations of Paragraph 8 purport to state legal conclusions, to which no response is required, and Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments to the United States Constitution. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban." To the extent the second sentence of Paragraph 8 purports to characterize *Heller* or *Bruen*, these cases speak for themselves and no response is required. The allegations of the final sentence of Paragraph 8 purport to characterize the relief Plaintiffs request in this case, and no response is required.

9.     The allegations of Paragraph 9 purport to state legal conclusions, to which no response is required.

10.     The allegations of Paragraph 10 purport to state legal conclusions, to which no response is required.

11.     The allegations of Paragraph 11 purport to state legal conclusions, to which no response is required.

12.     The allegations of Paragraph 12 purport to state legal conclusions, to which no response is required.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, except that Defendants deny the speculative and conclusory allegation regarding any current or hypothetical future enforcement efforts. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, except that Defendants deny the speculative and conclusory allegations regarding any current or hypothetical future enforcement efforts. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

18.     The allegations of Paragraph 18 purport to state a legal conclusion to which no response is required; to the extent the allegations of Paragraph 18 purport to assert facts, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, except that Defendants deny the speculative and conclusory allegations regarding any current or hypothetical future enforcement efforts. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, except that Defendants deny the speculative and conclusory allegation regarding any current or hypothetical future enforcement efforts. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

25.     The allegations of Paragraph 25 purport to state a legal conclusion to which no response is required; to the extent the allegations of Paragraph 25 purport to assert facts, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments to the United States Constitution.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, except that Defendants deny the speculative and conclusory allegations regarding any current or hypothetical future enforcement efforts. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, except that Defendants deny the speculative and conclusory allegation regarding any current or hypothetical future enforcement efforts. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

33.     The allegations of Paragraph 33 purport to state a legal conclusion to which no response is required; to the extent the allegations of Paragraph 33 purport to assert facts, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments to the United States Constitution.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, except that Defendants deny the speculative and conclusory allegation regarding any current or hypothetical future enforcement efforts. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, except that Defendants deny the speculative and conclusory allegation regarding any current or hypothetical future enforcement efforts. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

40.     The allegations of Paragraph 40 purport to state a legal conclusion to which no response is required; to the extent the allegations of Paragraph 40 purport to assert facts, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments to the United States Constitution.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, except that Defendants deny the speculative and conclusory allegation regarding any current or hypothetical future enforcement efforts. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46; to the extent Paragraph 46 purports to state a legal conclusion, no response is required. Defendants further state that the case cited in Paragraph 46, *Craig v. Boren*, 429 U.S. 190 (1976), speaks for itself, and no response is required. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53; to the extent Paragraph 53 purports to state a legal conclusion, no response is required.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54; to the extent Paragraph 54 purports to state a legal conclusion, no response is required. Defendants deny the speculative and conclusory allegation regarding any current or hypothetical future enforcement efforts.

55.     The allegations of Paragraph 55 purport to state a legal conclusion, to which no response is required.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56; to the extent Paragraph 56 purports to state a legal conclusion, no response is required.

57.     The allegations of Paragraph 57 purport to state a legal conclusion, to which no response is required. Defendants further state that the cases cited in Paragraph 57 speak for themselves.

58.     Admitted that Andrea Joy Campbell is the Attorney General of the Commonwealth of Massachusetts. The remaining allegations of Paragraph 58 purport to describe the legal claims asserted in the First Amended Complaint, to which no response is required.

59.     Admitted that Defendant Campbell is a constitutional officer. The remaining allegations of Paragraph 59 purport to state legal conclusions, to which no response is required. To the extent a response is required, Defendant Campbell admits that her office is responsible for promulgating and enforcing the regulations found at 940 C.M.R. §§ 16.01-16.09.

60.     The allegations of Paragraph 60 purport to state legal conclusions, to which no response is required. To the extent a response is required, Defendant Campbell admits that her office is responsible for promulgating and enforcing the regulations found at 940 C.M.R. §§ 16.01-16.09. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

61.     The allegations of Paragraph 61 purport to state a legal conclusion, to which no response is required. To the extent a response is required, Defendant Campbell admits that her office is responsible for promulgating and enforcing the regulations found at 940 C.M.R. §§ 16.01-16.09, and that she has enforced these regulations in the past. Defendant Campbell denies the speculative and conclusory allegations regarding her current and hypothetical future enforcement efforts. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

62.     The allegations of Paragraph 62 purport to state a legal conclusion, to which no response is required. Defendants further state that the statutes cited in Paragraph 62 speak for themselves. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

63.     Admitted that Defendant Terrence M. Reidy is the Secretary of the Commonwealth's Executive Office of Public Safety and Security (EOPSS). The remaining allegations of Paragraph 63 purport to describe the legal claims asserted in the First Amended Complaint, to which no response is required.

64.     Denied.

65.     Denied.

66.     The allegations of Paragraph 66 purport to state a legal conclusion, to which no response is required. To the extent a response is required, Defendant Reidy admits that he promulgated the regulations found at 501 C.M.R. §§ 17.01-17.16, and denies the remaining allegations of Paragraph 66.

67.     The allegations of Paragraph 67 purport to state a legal conclusion, to which no response is required. To the extent a response is required, Defendant Reidy denies the allegations of Paragraph 67.

68.     The allegations of Paragraph 68 purport to state a legal conclusion, to which no response is required. Defendants further state that the statutes cited in Paragraph 68 speak for themselves. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

69.     The allegations of Paragraph 69 purport to characterize Mass. Gen. Laws c. 140, § 12, which speaks for itself and no response is required.

70.     The allegations of Paragraph 70 purport to characterize Mass. Gen. Laws c. 140, §§ 122, 128, 129B-129C, and Mass. Gen. Laws c. 269, § 10(a), which speak for themselves and no response is required.

71.     The allegations of Paragraph 71 purport to characterize Mass. Gen. Laws c. 140, §§ 123, cl. 7-8, 131E(b), and 131A, which speak for themselves and no response is required.

72.     The allegations of Paragraph 72 purport to characterize Mass. Gen. Laws c. 140, §§ 123, cl. 18-21, 131 ¾, and 501 Code Mass. Regs. §§ 7.02-7.07, which speak for themselves and no response is required.[2]

73.     The allegations of Paragraph 73 purport to characterize Mass. Gen. Laws c. 140, § 123, which speaks for itself and no response is required.

74.     The allegations of Paragraph 74 purport to characterize 940 Code Mass. Regs § 16.00 *et seq.*, and the Attorney General's "Enforcement Notices," which speak for themselves and no response is required.

75.     The allegations of Paragraph 75 purport to quote from the Approved Firearms Roster, which speaks for itself and no response is required.

76.     The allegations of Paragraph 76 purport to characterize and quote from the Attorney General's February 2002 Enforcement Notice #3, which speaks for itself and no response is required.

77.     Admitted that Exhibit A to the First Amended Complaint contains the Attorney General's enforcement notices and a copy of her July 16, 2004, Consumer Advisory on Glock Handguns, which speak for themselves.

78.     The allegations of Paragraph 78 purport to characterize Mass. Gen. Laws c. 140, § 128, and 940 Code Mass. Regs. §§ 16.01-16.06, which speak for themselves and no response is required.

---

[2] The allegations in footnote 4 purport to describe the legal claims asserted in the First Amended Complaint, to which no response is required. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

79.     The allegations of Paragraph 79, including all subparts, purport to characterize Mass. Gen. Laws c. 140 §§ 128A, 128B, 131E, which speak for themselves and no response is required.

80.     The allegations of Paragraph 80 purport to characterize and paraphrase the statutes cited in Paragraphs 69-79, which speak for themselves and no response is required.

81.     The allegations of Paragraph 81 purport to characterize and paraphrase the statutes cited in Paragraph 79, which speak for themselves and no response is required.

82.     The allegations of Paragraph 82 purport to characterize and paraphrase Massachusetts law, and state legal conclusions, and therefore no response is required.

83.     The allegations of Paragraph 83 purport to characterize and quote from Mass. Gen. Laws c. 140, § 131A, which speaks for itself and therefore no response is required.

84.     The allegations of Paragraph 84 purport to characterize and quote from Mass. Gen. Laws c. 140, §§ 129B, 129B(1½), 131A, and 131(d)(i)-(x), which speak for themselves and no response is required.

85.     The allegations of Paragraph 85 purport to characterize and paraphrase Massachusetts law, which speaks for itself, and no response is required; to the extent they purport to assert facts, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86; to the extent the allegations of Paragraph 86 purport to state a legal conclusion, no response is required.

87.     The allegations of the first sentence of Paragraph 87 purport to characterize federal statutes 18 U.S.C. §§ 922(a)(3), and 922(a)(5), which speak for themselves and no response is required. The allegations of the second sentence of Paragraph 87 purports to characterize and

paraphrase Massachusetts law, which speaks for itself and to which no response is required. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

88.     To the extent the allegations of Paragraph 88 purport to state legal conclusions, no response is required; to the extent the allegations of Paragraph 88 purport to assert facts, Defendants deny the allegations of Paragraph 88. Further answering, Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments to the United States Constitution. Defendants also deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

89.     The allegations of Paragraph 89 purport to state a legal conclusion to which no response is required; they also purport to quote and characterize *District of Columbia v. Heller*, 554 U.S. 580 (2008), which speaks for itself, and no response is required. To the extent a response is required, Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments to the United States Constitution. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

90.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90.

91.     The allegations of Paragraph 91 purport to state legal conclusions, to which no response is required; to the extent a response is required, these allegations are denied. To the extent

the allegations of Paragraph 91 purport to assert facts, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91.[3]

92.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92.

93.      The allegations of Paragraph 93 purport to state legal conclusions, to which no response is required; to the extent the allegations of Paragraph 93 purport to state facts, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93. Furthering answering, Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments to the United States Constitution. Defendants also deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

94.      The allegations of Paragraph 94 purport to state a legal conclusion, to which no response is required. They also purport to quote and characterize *Heller* which speaks for itself and to which no response is required; but, Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments.

95.      The allegations of Paragraph 95 purport to state a legal conclusion, to which no response is required. They also purport to quote and characterize *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142, S. Ct. 2111 (2022), which speaks for itself and to which no response is required; but, Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or

---

[3] The allegations of footnote 5 are denied.

Fourteenth Amendments. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

96.    Defendants repeat and reallege their answers to the allegations of the foregoing paragraphs and incorporate them herein by reference.

97.    The allegations of Paragraph 97 purport to state a legal conclusion to which no response is required.

98.    The allegations of Paragraph 98 purport to characterize and quote the Second Amendment to the United States Conclusion, to which no response is required.

99.    The allegations of Paragraph 99 purport to state a legal conclusion to which no response is required. To the extent the allegations of Paragraph 99 purport to state facts, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99.

100.    The allegations of Paragraph 100 purport to state a legal conclusion to which no response is required. To the extent the allegations of Paragraph 100 purport to state facts, they are denied. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

101.    The allegations of Paragraph 101 purport to state a legal conclusion, to which no response is required. Defendant Campbell states that her office is responsible for enforcing the regulations found at 940 C.M.R. §§ 16.01-16.09 and admits that she has enforced these regulations in the past. Defendant Campbell denies the speculative and conclusory allegations regarding her current or hypothetical future enforcement efforts. Defendant Campbell further denies that she is subjecting the Individual Plaintiffs, or similarly situated persons, to the "threat of criminal sanction" for hypothetical and speculative violations of the regulations found at 940 C.M.R. §§

16

16.01-16.09. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

102.    The allegations of Paragraph 102 purport to state a legal conclusion, to which no response is required. To the extent a response is required, Defendant Reidy denies the allegations of Paragraph 102.

103.    The allegations of Paragraph 103 purport to state a legal conclusion, to which no response is required. To the extent the allegations of Paragraph 103 purport to state facts, they are denied. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

104.    The allegations of Paragraph 104 purport to state legal conclusions, to which no response is required.

105.    The allegations of Paragraph 105 purport to state legal conclusions, to which no response is required. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

106.    The allegations of Paragraph 106 purport to state legal conclusions, to which no response is required. The out-of-circuit cases cited in Paragraph 106 speak for themselves and no response is required.

107.    The allegations of Paragraph 107 purport to state legal conclusions, to which no response is required. The out-of-circuit cases cited in Paragraph 107 speak for themselves and no response is required.

108.    The allegations of Paragraph 108 purport to state legal conclusions to which no response is required. To the extent the allegations of Paragraph 108 purport to state facts, they are denied. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

109.    The allegations of Paragraph 109 purport to state legal conclusions to which no response is required. To the extent the allegations of Paragraph 109 purport to state facts, they are denied. The cited statute speaks for itself and no response is required.

110.    The allegations of Paragraph 110 purport to state legal conclusions, to which no response is required. To the extent the allegations of Paragraph 110 purport to assert facts, they are denied, and Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

111.    The allegations of Paragraph 111 purport to state legal conclusions, to which no response is required. The allegations of Paragraph 111 purport to quote and characterize *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142, S. Ct. 2111 (2022), which speaks for itself and no response is required. To the extent the allegations of Paragraph 111 purport to state facts, they are denied. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

112.    The allegations of Paragraph 112 purport to state legal conclusions, to which no response is required. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban." Further answering, the allegations of Paragraph 112 purport to characterize *Bruen*, which speaks for itself and no response is required.

113.    The allegations of Paragraph 113 purport to quote and characterize *Heller*, which speaks for itself and no response is required.

114.    The allegations of Paragraph 114 purport to quote and characterize *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010), which speaks for itself and no response is required.

115.    The allegations of Paragraph 115 purport to quote and characterize *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142, S. Ct. 2111 (2022), which speaks for itself and no response is required.

116.    The allegations of Paragraph 116 purport to quote and characterize *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142, S. Ct. 2111 (2022), which speaks for itself and no response is required.

117.    The allegations of Paragraph 117 purport to state a legal conclusion, to which no response is required. The allegations of Paragraph 117 further purport to quote and characterize *Bruen*, which speaks for itself and no response is required.

118.    The allegations of Paragraph 118 purport to quote and characterize *Bruen*, which speaks for itself and no response is required.

119.    The allegations of Paragraph 119 purport to state legal conclusions, to which no response is required. Furthering answering, Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments to the United States Constitution.

120.    The allegations of Paragraph 120 purports to quote *Bruen*, which speaks for itself and no response is required.

121.    The allegations of Paragraph 121 purport to state legal conclusions, to which no response is required. The allegations of Paragraph 121 further purport to quote and characterize *Bruen*, which speaks for itself and no response is required.

122.    The allegations of Paragraph 122 purport to state legal conclusions, to which no response is required. The allegations of Paragraph 122 further purport to quote and characterize *Heller* and *Bruen*, which speak for themselves and no response is required.

123.    The allegations of Paragraph 123 purport to state legal conclusions, to which no response is required. The allegations of Paragraph 123 purport to characterize *Caetano v. Massachusetts*, 577 U.S. 411 (2016), which speaks for itself and no response is required.

124.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124; except that Defendants deny the speculative and conclusory allegation regarding any current or hypothetical future enforcement efforts. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

125.    The allegations of Paragraph 125 purport to state legal conclusions to which no response is required. To the extent the allegations of Paragraph 125 purport to state facts, they are denied. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

126.    The allegations of Paragraph 126 purport to state legal conclusions, to which no response is required. To the extent the allegations of Paragraph 126 purport to assert facts, Defendants deny the allegations of Paragraph 126. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

127.    The allegations of Paragraph 127 purport to state legal conclusions to which no response is required. To the extent the allegations of Paragraph 127 purport to state facts,

Defendants deny the allegations of Paragraph 127, and Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

128.    The allegations of Paragraph 128 purport to state legal conclusions to which no response is required. To the extent the allegations of Paragraph 128 purport to characterize an article purportedly discussing charges brought against an individual by the Worcester County District Attorney's Office, that article speaks for itself and no response is required. To the extent the allegations of Paragraph 128 purport to assert facts and a further response is required, the allegations of Paragraph 128 are denied. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

129.    The allegations of Paragraph 129 purport to state legal conclusions to which no response is required. To the extent the allegations of Paragraph 129 purport to assert facts, Defendants lack knowledge or information sufficient to form a belief as to the truth of those facts and further deny the speculative and conclusory allegation regarding any current or hypothetical future enforcement efforts. To the extent the allegations of Paragraph 129 purport to quote and characterize *Bruen*, it speaks for itself and no response is required. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

130.    The allegations of Paragraph 130 purport to state legal conclusions to which no response is required. To the extent the allegations of Paragraph 130 purport to assert facts, Defendants deny the speculative and conclusory allegations regarding any current or hypothetical

future enforcement efforts. Further answering, Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

131.    The allegations of Paragraph 131 purport to state legal conclusions to which no response is required. To the extent the allegations of Paragraph 131 purport to assert facts, Defendants deny the speculative and conclusory allegations regarding any current or hypothetical future enforcement efforts. Further answering, Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

132.    The allegations of Paragraph 132 purport to state legal conclusions to which no response is required. To the extent the allegations of Paragraph 132 purport to assert facts, Defendants deny the allegations of Paragraph 132. Defendants further deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action constitute a "handgun ban."

133.    The allegations of Paragraph 133 purport to state legal conclusions to which no response is required. To the extent the allegations of Paragraph 133 purport to state facts, Defendants lack knowledge or information sufficient to form a belief as to the truth of those facts. Defendants deny that the laws, regulations, and any related enforcement notices, policies, practices, or customs allegedly at issue in this action violate the Second or Fourteenth Amendments, and deny that Plaintiffs are entitled to any form of relief.

Paragraphs 1-4 assert Plaintiffs' Prayer for Relief, which are not allegations to which a response is required.

## First Affirmative Defense

Defendants' sovereign immunity and Eleventh Amendment immunity bar Plaintiffs from seeking or obtaining relief against them.

## Second Affirmative Defense

The First Amended Complaint fails to state a claim for violation of Plaintiffs' rights under the Second and Fourteenth Amendments to the United States Constitution.

## Third Affirmative Defense

Plaintiffs have not alleged injury-in-fact and lack standing to prosecute this case. This Court therefore lacks jurisdiction over the subject matter of this action under Article III.

## Fourth Affirmative Defense

Plaintiffs' claims are not ripe and this Court therefore lacks jurisdiction over the subject matter of this action.

## Additional Defenses

Defendants reserve the right to raise any and all defenses that may become apparent or available during the course of the proceedings in this case.

WHEREFORE, Defendants respectfully request that this Court: (1) dismiss the First Amended Complaint, deny Plaintiffs' Prayers for Relief with prejudice and enter judgment for Defendants; and (2) order such other relief as is just and proper.

Dated: November 20, 2023

Respectfully submitted,

ANDREA JOY CAMPBELL, ATTORNEY
GENERAL, and SECRETARY TERRENCE M.
REIDY,

By their attorneys,

*/s/ Phoebe Fischer-Groban*
Phoebe Fischer-Groban, BBO No. 687068
Grace Gohlke, BBO No. 704218
Assistant Attorneys General
Office of the Attorney General
Government Bureau
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2589
Phoebe.Fischer-Groban@mass.gov
Grace.Gohlke@mass.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 20, 2023.

*/s/ Phoebe Fischer-Groban*
Phoebe Fischer-Groban
Assistant Attorney General
