UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEFANO GRANATA; JUDSON THOMAS; COLBY CANNIZZARO; CAMERON PROSPERI; THE GUN RUNNER, LLC; and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts; and TERRENCE M. REIDY, in his official capacity as Secretary of the Executive Office of Public Safety and Security of the Commonwealth of Massachusetts, <br><br> Defendants. | CIVIL ACTION <br> NO. 1:21-cv-10960-DJC |

**JOINT STIPULATION AND MOTION TO MODIFY SCHEDULING ORDER**

The parties to this action hereby jointly stipulate and move to extend (1) the general deadline for fact discovery by one week and (2) the deadline for fact discovery specifically related to Plaintiff Colby Cannizzaro until sixty (60) days after his return from deployment in the armed services, otherwise leaving the current deadlines of the scheduling order unaffected. "Good cause" exists to modify the scheduling order and extend the deadlines as requested, *see* Fed. R. Civ. P. 16(b)(4), because the parties have otherwise diligently pursued discovery and seek an extension that is limited in both scope and time, more particularly explained as follows:

1. In this action, Plaintiffs challenge a collection of state statutes and regulations related to the commercial sale of handguns within the Commonwealth, alleging a single claim under the Second Amendment to the United States Constitution. *See* ECF No. 34 (Amended Complaint).

1

2. In a scheduling order dated January 19, 2024, the Court set a deadline for fact discovery of August 30, 2024, followed by a period of expert discovery. Plaintiffs' motion for summary judgment is due on December 16, 2024, and Defendants' opposition and cross-motion are due to be filed by January 15, 2025. *See* ECF No. 48 (Electronic Order).

3. Defendants served their First Set of Interrogatories to Plaintiffs on May 10, 2024.

4. Plaintiffs requested an extension of time in which to respond, until June 21, 2024, to which Defendants agreed.

5. In his response, dated June 21, 2024, Plaintiff Cannizzaro declined to answer one interrogatory on the ground that doing so would involve disclosure of sensitive information. To accommodate that concern, Defendants have proposed entering into a protective order, which remains under review by the parties.

6. Further, following receipt and review of the Plaintiffs' Responses to the Defendants' First Set of Interrogatories, Defendants reached out to Plaintiffs' counsel on July 2, 2024, to identify mutually convenient times for the depositions of the named plaintiffs. Three of those depositions have been scheduled and noticed.

7. On July 10, 2024, Plaintiffs' counsel informed Defendants' counsel that Plaintiff Cannizzaro is on an overseas deployment through the military and, to his knowledge, will not return until early October. Plaintiffs' counsel further relayed that, based on Mr. Cannizzaro's schedule while deployed, he is unable to commit to being available for a virtual deposition until he returns from deployment. In addition, Plaintiffs' counsel communicated that, due to his deployment, Mr. Cannizzaro would be unable to access records related to the outstanding interrogatory and would instead have to answer the interrogatory based on his best recollection.

8. To accommodate Mr. Cannizzaro's deployment, the parties hereby jointly stipulate and move to extend the fact discovery deadline related to interrogatories, a deposition, and any limited discovery that may be required following the deposition, as to Mr. Cannizzaro only. The parties move to extend the deadline until sixty (60) days after Plaintiffs' counsel informs Defendants' counsel that Mr. Cannizzaro has returned from his deployment.

9. If Mr. Cannizzaro returns from deployment in early October, as anticipated, the parties expect that no extension of summary judgment briefing deadlines would be required to accommodate the extension of fact discovery as to Mr. Cannizzaro.

10. If Mr. Cannizzaro is unable to sit for a deposition in advance of summary judgment briefing, the parties agree that Defendants may seek additional extensions of time or any other relief that may be necessary.

11. Further, Plaintiffs require a brief extension of the general deadline for fact discovery (i.e., August 30, 2024) in order to propound written discovery questions on Defendants while providing Defendants at least 30 days to respond before the cut-off of fact discovery. Plaintiffs have been diligent in analyzing the nature and scope of the discovery questions to be propounded with the aim of completing and serving the same by no later than July 29 (i.e., 30 days before the current cut-off date). However, Plaintiffs' lead counsel was out of town between July 19 and July 28, on a family vacation planned several months ago, which has limited his available working time. Additionally, very recently and during this same period, the Governor of Massachusetts just signed into law a package of legislative changes apparently intended to broadly impact the Commonwealth's regulation of firearms (H.4885; signed into law July 25). Plaintiffs require additional time to analyze these changes to the law insofar as they may be relevant to the nature and scope of the discovery questions to be propounded on Defendants.

3

12. For these reasons, the parties jointly stipulate and move to extend the fact discovery deadline by one week to September 6, 2024, and they jointly stipulate and move to extend the fact discovery deadline as to Plaintiff Cannizzaro until sixty (60) days after Plaintiffs' counsel informs Defendants' counsel that Mr. Cannizzaro has returned from his deployment, while leaving the current deadlines in the scheduling order otherwise unaffected.

WHEREFORE, the parties respectfully submit that good cause exists to extend the general fact discovery deadline to September 6, 2024, and to extend the fact discovery deadline as to Plaintiff Cannizzaro until sixty (60) days after Plaintiffs' counsel informs Defendants' counsel that Mr. Cannizzaro has returned from his deployment, and they hereby move to extend said deadlines accordingly.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

*/s/ Phoebe Fischer-Groban*
Phoebe Fischer-Groban, BBO No. 687068
Grace Gohlke, BBO No. 704218
Assistant Attorneys General
Office of the Attorney General
Government Bureau
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2589
Phoebe.Fischer-Groban@mass.gov
Grace.Gohlke@mass.gov

*Attorneys for Defendants*

*/s/ Richard C. Chambers. Jr.*
Richard C. Chambers, Jr., Esq. (BBO# 651251)
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940

4

Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
Richard@chamberslawoffice.com

Jason A. Guida (BBO# 667252)
Principe & Strasnick, P.C.
17 Lark Avenue
Saugus, MA 01906
Office: (617) 383-4652
jason@lawguida.com

Raymond M. DiGuiseppe
*Admitted Pro Hac Vice*
The DiGuiseppe Law Firm, P.C.
116 N. Howe Street, Suite A
Southport, NC 28461
(910) 713-8804
law.rmd@gmail.com

*Attorneys for Plaintiffs*

Dated: July 29, 2024



PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: _____

SIGNED: _____

## **CERTIFICATE OF SERVICE**

I hereby certify that the above document has been served this day upon counsel of record for the Plaintiffs by electronic mail.

Richard C. Chambers, Jr., Esq., BBO No. 651251
Richard@chamberslawoffice.com

Raymond M. DiGuiseppe, admitted *Pro Hac Vice*
law.rmd@gmail.com

> */s/ Grace Gohlke*
> Assistant Attorney General

Dated: July 29, 2024