UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEFANO GRANATA, JUDSON THOMAS, COLBY CANNIZZARO, CAMERON PROSPERI, THE GUNRUNNER, LLC, and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth Of Massachusetts, TERRENCE REIDY, in his official capacity as Secretary of the Executive Office of Public Safety and Security of the Commonwealth of Massachusetts, <br><br> Defendants. | CIVIL ACTION NO. 1:21-CV-10960-DJC |

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties acknowledge that discovery in the above captioned action ("the Action") may involve the production of confidential, private, or highly-sensitive documents and information of a non-public nature for which special protection from public disclosure and from use for any purpose other than conducting the Action may be warranted;

WHEREAS, the parties also acknowledge that all documents and information produced during discovery in the Action will be used only in connection with the Action;

WHEREAS, the parties mutually wish to facilitate the production of documents and information without motion practice, and to provide an agreed-to framework for handling disputes concerning the claimed confidentiality of otherwise discoverable information that may arise in the Action;

WHEREAS, nothing in this stipulation or in any order entered in light of the parties' agreement hereto is intended to supplant, substitute for, or alter any party's right to assert that any document or information is protected from disclosure in the Action by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable law, rule, regulation, or privilege;

THEREFORE, the parties hereby stipulate to, and petition the Court to enter, the following Stipulated Protective Order.

1.     All "Confidential Materials," as defined herein, produced by a party in the Action shall be protected by the terms of this Stipulated Protective Order. The parties further stipulate that Confidential Materials shall be used only for proper purposes associated with this Action and in accordance with the provisions of this Stipulated Protective Order.

2.     "Confidential Materials" means documents, materials, testimony, interrogatory responses, admissions, denials or other information that a producing party designates as Confidential and produces during discovery based on a reasonable and good faith belief that the document, material or information contains:

        a.   non-public personal information;

        b.   information as to which disclosure is protected by law, regulation, or court order;

        c.   other highly-sensitive information of a non-public nature including information that any party reasonably believes would endanger a person or members of the public if released; or

        d.   information entitled to confidential treatment pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

3.      The designation of confidential information shall be made by placing or affixing on the materials to be treated as confidential, in a manner which does not interfere with its legibility, the word "Confidential." To the extent that only a portion of any document or other material is confidential under this Stipulated Protective Order, the designation shall be limited, to the extent practicable, only to the confidential portion. In the case of deposition testimony, a designation of confidentiality shall be made by written notice to all parties within ten (10) days of receipt of the deposition transcript designating pages and line numbers to be designated as confidential, which written notice shall be deemed to be part of the transcript. During the ten-day period following receipt of any deposition transcript in connection with the Action, the entire transcript will be treated as Confidential pursuant to this Stipulated Protective Order.

4.      The Confidential Materials may only be disclosed or made available by the receiving party to "Qualified Persons," who are defined to consist of:

      a.   The Court and its support personnel (in the manner provided by paragraph 8 hereof);

      b.   Counsel for a party and such counsel's agents, including clerical, secretarial, paralegal staff, investigators, and outside service providers (including copy services, litigation consultants and their staff, document management services, and graphics services);

      c.   Court reporters engaged for the purposes of depositions or other proceedings and then, only for the purpose of the deposition or proceeding for which the engagement is made;

      d.   Experts and their staff who are assisting in the prosecution or defense of the Action;

e.   Any person who counsel in good faith believes will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness");

f.   Any third-party mediator, settlement judge, or arbitrator selected by the parties or assigned by the Court;

g.   The Plaintiffs and the Defendants, but limited to the officers of corporate entities; and

h.   Any other person to whom the producing party agrees to in writing.

The Plaintiffs hereby consent to disclosure of Confidential Materials that constitute "personal data" within the meaning of the Fair Information Practice Act, Mass. Gen. L. ch. 66A, to the Qualified Persons described within this paragraph and subject to the protections of this Protective Order.

5.   The party in receipt of Confidential Materials must, prior to sharing Confidential Materials with persons specified in paragraphs 4(d), 4(e), 4(f), and 4(g), record (1) the document(s) shared, (2) the identity of the person(s) with whom Confidential Materials were shared, (3) the date(s) on which Confidential Materials were shared, and (4) the agreement in writing of the party with whom the documents were shared to maintain the confidentiality of the documents consistent with this Stipulated Protective Order. The party in receipt of Confidential Materials must advise all persons identified in Paragraph 4 (other than those identified under Paragraph 4(a)) that Confidential Materials are governed by this Stipulated Protective Order and must provide a copy of this Stipulated Protective Order, that such materials may not be used for any purpose other than preparing for or conducting this Action, and that such materials are not to be disclosed or disseminated other than in the manner permitted by this Stipulated Protective Order.

6.   Nothing contained herein shall prevent any party from disclosing its own Confidential Materials as it deems appropriate, but any disclosure by a party of its own

Confidential Materials shall be a waiver of the provisions contained herein. For purposes of this provision, "disclosure" shall not include (a) inadvertent disclosure, (b) disclosure made to Qualified Persons pursuant to the provisions of sections 4 and 5, or (c) the sharing of information between or among agencies or political subdivisions of the Commonwealth in the course of its ordinary business.

7.     Before filing any pleadings or other documents which contain Confidential Materials, the parties shall confer and seek agreement on redactions that would permit the filing of the pleadings or other documents in open court. The parties agree to seek consent on redactions at least two days prior to any filing deadline. If the parties are unable to agree on such redactions, the producing party shall move for a court order, consistent with Local Rule 7.2, permitting such pleadings or other documents to be impounded by the Court and otherwise filed under seal. If the producing party fails to file such a motion within ten (10) days of the receiving party's notice that the parties are unable to agree on redactions, the Confidential Materials identified shall no longer be treated as Confidential. Confidential Materials may be filed with the Court pending such motion, but in such circumstances shall be filed in a sealed envelope bearing the caption of the lawsuit and shall be marked with the following statement in bold letters: "The contents of this envelope are subject to a motion for confidential treatment and/or impoundment. This envelope shall not be opened nor the contents displayed or revealed except as the Court directs." The parties recognize that impoundment may only be ordered by the Court on a particularized showing, and that in its consideration of whether any pleadings or documents may be filed under seal, the Court is not bound by the designation of any material as "Confidential" and any such designation shall not create any presumption that documents so designated are entitled to confidential treatment or impoundment. If the Court determines that the Confidential Materials are not entitled to confidential treatment or does not permit the pleadings or other documents which contain such

Confidential Materials to be filed under seal, the parties may then file those pleadings or other documents in open court.

8.     If Confidential Materials received by a party are subpoenaed by any court, administrative, or legislative body, or any other person purporting to have authority to subpoena such information, the party to whom the subpoena is directed shall give written notice of the subpoena (including the delivery of a copy thereof) to counsel for the producing party ten (10) business days prior to the time when production of the information is requested by subpoena. In the event that the subpoena purports to require production of such Confidential Materials on less than ten (10) days' notice, the party to whom the subpoena is directed shall give immediate notice of the receipt of such subpoena (by telephone, email, or other means reasonably calculated to provide immediate notice), and forthwith deliver by hand or electronic copy thereof, to counsel for the producing party. Absent a court order to the contrary, the party to whom the subpoena is directed shall not produce Confidential Materials until the earliest of: (i) the receipt of written consent from the producing party; (ii) the return date of the subpoena or other process (unless the obligation to respond is stayed); or (iii) five business days, or such shorter period as the presiding court may direct, after a decision is issued on any motion to quash or motion for a protective order. Nothing herein shall prevent any party subject to this Stipulated Protective Order from complying with an order of a court, including the subject subpoena, and nothing herein shall require the party to whom the subpoena is directed to take any affirmative steps other than the giving of notice to the producing party.

9.     If, at any time, any party wishes for any reason to dispute a designation of any Confidential Materials hereunder, such party shall notify the producing party of such dispute in writing, identifying the Confidential Materials in dispute. Within ten (10) days, the producing party shall state in writing to the party disputing the designation the basis for having designated the

materials as Confidential. If no such statement in writing is given within ten (10) days, the identified Confidential Materials shall no longer be treated as Confidential. Should the producing party provide a statement of the basis for the designation, then, within seven (7) days following receipt of such statement, the parties shall meet and confer regarding the Confidential Materials in dispute. If the parties are unable amicably to resolve the dispute, the producing party may move the Court, within twenty-one (21) days of the date of the parties' meet-and-confer, for a ruling as to whether the designated materials may properly be treated as Confidential. Designation of any material as "Confidential" shall not create any presumption that documents and transcripts so designated are Confidential, and shall not shift the burden of establishing entitlement to confidential treatment from the producing party. If the producing party does not timely move the Court for said ruling, then the identified Confidential Materials shall no longer be treated as Confidential.

10.     At the conclusion of the Action, the producing party has the right to request that, to the extent permitted under Massachusetts law, all Confidential Materials be returned or destroyed. Counsel of record may retain for their files copies of any of counsel's own work product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, and hearing or other official transcripts and exhibits, which contain Confidential Materials, and Counsel may reproduce the content of Confidential Materials. Such retained copies will remain subject to the restrictions herein.

11.     The inadvertent disclosure of any document subject to a legitimate claim of a privilege or work-product protection shall not waive the privilege or the protection for either that document or for the subject matter of that document.

12.     Any documents the producing party deems to have been inadvertently disclosed and to be subject to a privilege or work-product protection shall be subject to the provisions of Federal Rule of Civil Procedure 26(b)(5)(B).

13.     This Stipulated Protective Order may be signed by counsel of record in counterparts, all of which taken together shall constitute one fully executed copy of this Stipulated Protective Order representing the agreement and consent of the parties to this Action.

14.     If any provision of the foregoing shall be invalidated, illegal, or otherwise unenforceable, such provision shall be severable from all other provisions of the foregoing, and the validity, legality, and enforceability of the remaining provisions shall not be adversely affected or impaired, and shall thereby remain in full force and effect.

15.     The foregoing constitutes the entire agreement between the parties with respect to the subject matter hereof, and any and all previous representations with respect to such subject matter, either oral or written, are hereby annulled and superseded. The fact that any provision has been altered or removed from a prior draft of this Stipulated Protective Order shall not be offered to prove the intent of the parties, the contents of the Stipulated Protective Order, or the manner in which the foregoing should be interpreted.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 28, 2024

/s/ *Richard C. Chambers. Jr.,*
Richard C. Chambers, Jr., Esq. (BBO# 651251)
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
Richard@chamberslawoffice.com

Jason A. Guida (BBO# 667252)
Principe & Strasnick, P.C.
17 Lark Avenue
Saugus, MA 01906
Office: (617) 383-4652
jason@lawguida.com

Raymond M. DiGuiseppe
*Admitted Pro Hac Vice*
The DiGuiseppe Law Firm, P.C.
116 N. Howe Street, Suite A
Southport, NC 28461
(910) 713-8804
law.rmd@gmail.com

*Attorneys for Plaintiffs*

*/s/ Phoebe Fischer-Groban*
Phoebe Fischer-Groban, BBO No. 687068
Grace Gohlke, BBO No. 704218
Assistant Attorneys General
Office of the Attorney General
Government Bureau
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2589
Phoebe.Fischer-Groban@mass.gov
Grace.Gohlke@mass.gov

*Attorneys for Defendants*

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: September 16, 2024

SIGNED: _Denise J. Casper_
        Denise J. Casper,
        U.S. District Judge

9

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 28, 2024.

*/s/ Grace Gohlke*
Grace Gohlke
Assistant Attorney General